

FILED
IN OPEN COURT

FEB 25 2020

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

UNITED STATES OF AMERICA

v.

MIRANDA S. OVERTON,

Defendant.

Case No.2:20cr004

STATEMENT OF FACTS

The United States and the defendant, MIRANDA S. OVERTON (hereinafter, "the

defendant"), stipulate that the allegations in Count One of the Criminal Information and the

following facts are true and correct, and that had the matter gone to trial the United States would

have proven the following facts beyond a reasonable doubt:

1.      On July 2, 2018, at the Bon-Secours Depaul Medical Center, in Norfolk, Virginia,

the defendant reported to an agent of the Naval Criminal Investigative Service (NCIS) that on

July 1, 2018, J.S. sexually assaulted her on Naval Station Norfolk.

2.      The defendant specifically alleged that J.S. penetrated her vagina and anus

without her consent.

3.      The defendant knew that this statement was materially false.

4.      The defendant knew that this statement was false because she had engaged in

consensual sexual intercourse with J.S. on July 1, 2018.

5.      The investigation conducted by NCIS was a matter within the jurisdiction of the

executive branch of the Government of the United States.

6.      During her initial interview on July 2, 2018, with NCIS investigators the

defendant told them that she met J.S. on Tinder.   The defendant relayed that she and J.S. agreed

to meet on July 1, 2018, at his barracks located on Naval Station Norfolk. The defendant told

investigators that prior to the meeting she told J.S. that she did not want to have sex.

7. The defendant stated that upon entering J.S.'s barracks room, J.S. began ripping off

the defendant's clothes and threw her on to the bed. After J.S. removed her clothing, the

defendant stated that J.S. penetrated her vulva and anus while the defendant told him, "no" and

"stop." The defendant stated that J.S. penetrated her so forcefully, that she was bleeding from her

anus and vagina.

8. NCIS Investigators took the defendant's allegation of sexual assault seriously and

opened an investigation into J.S.

9. On July 2, 2018, the defendant underwent a sexual assault examination at Bon-

Secuours Medical Center. A sexual assault forensic examiner conducted the examination.

The defendant told the examiner that prior to arriving at J.S.'s barracks room they agreed to have

"gentile penis in vagina sex." During the examination, the examiner found no evidence of

trauma to the defendant's genitals or anus.

10. In connection with its investigation, NCIS investigators interviewed J.S. on August

17, 2018. Prior to the interview J.S. was read his Article 31(b) rights and he agreed to speak

with NCIS. J.S. told the NCIS investigators that he had met the defendant on Tinder. The

defendant provided those messages to NCIS. During his interview, J.S. stated that he had

consensual vaginal and anal sex with the defendant.

11. An excerpt from the Tinder messages provided by J.S. are as follows:

    a. Defendant:   I am looking for someone for a threesome or someone to date or
                     friends. But mostly a threesome or friends.

    b. J.S.:        Oh. We'll I'm up to try a three some [i]f you got someone else,
                     I like bigger women so.

c. Defendant:   Yea I do.   It's me and my [significant other].

12.     NCIS investigators also obtained video camera footage from the lobby of J.S.'s barracks.   The video footage revealed that the defendant and J.S. kissed in the elevator prior to entering his room on July 1, 2018.

13.     On December 18, 2018, NCIS investigators re-interviewed the defendant.   The interview took place on Naval Station Norfolk at NCIS's Office.   During this interview, NCIS investigators asked the defendant if she wanted to clarify her earlier statement to NCIS.   The defendant again stated that J.S. sexually assaulted her.   The defendant again alleged that J.S. penetrated her vulva and anus with his penis without her consent.

14.     After the defendant stated that J.S. sexually assaulted her, the Agent showed the defendant photographs of her kissing J.S. in the elevator and the Tinder messages between the defendant and J.S.   The defendant responded by saying that she was "guessing on the details," and "I'm not remembering things."   However, the defendant continued to assert that J.S. sexually assaulted her.

15.   The NCIS agent then confronted the defendant with a prior police report that she had filed years earlier against a different individual alleging a different sexual assault.   The defendant admitted that the previous report was false.   The defendant also then admitted that she had fabricated the report against J.S.

16.   The defendant stated that she fabricated the report against J.S. out of the fear that her significant other would end their relationship if the significant other became aware that the defendant had sex with J.S.

17.   This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States.   It does not include each and every fact known to

3



the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

18.    The actions of the defendant, as recounted above, were in all respects knowing, willful, and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

Date:   February 25, 2020            By:   _____

Matthew J. Heck
Special Assistant United States Attorney

4

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, MIRANDA S. OVERTON, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
MIRANDA S. OVERTON


I am Kirsten Kmet, defendant's attorney.   I have carefully reviewed the above Statement of Facts with her.   To my knowledge, her decision to stipulate to these facts is an informed and voluntary one.

_____
Kirsten Kmet, Esq.
Attorney for MIRANDA S. OVERTON